# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:                                              Case No. 14-21303

    Christopher Michael Gill

    Debtor(s)

---

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Tom Vaughn, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 06/06/2014.

2) The plan was confirmed on 09/04/2014.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on NA .

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA .

5) The case was converted on 12/16/2015.

6) Number of months from filing to last payment: 18.

7) Number of months case was pending: 19.

8) Total value of assets abandoned by court order: NA .

9) Total value of assets exempted: NA .

10) Amount of unsecured claims discharged without payment: $0.00.

11) All checks distributed by the trustee relating to this case have not cleared the bank .

**UST Form 101-13-FR-S (09/01/2009)**

### Receipts:

| | | |
|---|---|---|
| Total paid by or on behalf of the debtor | $12,758.00 | |
| Less amount refunded to debtor | $442.33 | |
| **NET RECEIPTS:** | | **$12,315.67** |

### Expenses of Administration:

| | | |
|---|---|---|
| Attorney's Fees Paid Through the Plan | $4,000.00 | |
| Court Costs | $0.00 | |
| Trustee Expenses & Compensation | $513.78 | |
| Other | $0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | **$4,513.78** |

Attorney fees paid and disclosed by debtor:          $0.00

### Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| CAVALRY INVESTMENTS | Unsecured | NA | 791.27 | 791.27 | 0.00 | 0.00 |
| CF MED | Unsecured | NA | 708.00 | 708.00 | 0.00 | 0.00 |
| CITY OF CALUMET CITY | Unsecured | 250.00 | 250.00 | 250.00 | 0.00 | 0.00 |
| CITY OF CHICAGO DEPT OF REVENU | Unsecured | 1,500.00 | 3,175.42 | 3,175.42 | 0.00 | 0.00 |
| CITY OF HOMETOWN | Unsecured | 250.00 | 500.00 | 500.00 | 0.00 | 0.00 |
| CREDIT ACCEPTANCE CORP | Unsecured | 7,500.00 | 8,652.89 | 8,652.89 | 0.00 | 0.00 |
| CREDIT MANAGEMENT LP | Unsecured | 350.00 | 301.81 | 301.81 | 0.00 | 0.00 |
| GALAXY ASSET PURCHASING LLC | Unsecured | NA | 804.88 | 804.88 | 0.00 | 0.00 |
| OVERLAND BOND & INVESTMENT | Secured | 8,425.00 | 13,240.41 | 13,240.41 | 7,228.10 | 573.79 |
| OVERLAND BOND & INVESTMENT | Unsecured | 8,575.00 | NA | NA | 0.00 | 0.00 |

**UST Form 101-13-FR-S (09/01/2009)**

**Summary of Disbursements to Creditors:**

| | Claim<br>Allowed | Principal<br>Paid | Interest<br>Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
|     Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
|     Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
|     Debt Secured by Vehicle | $13,240.41 | $7,228.10 | $573.79 |
|     All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$13,240.41** | **$7,228.10** | **$573.79** |
| | | | |
| **Priority Unsecured Payments**: | | | |
|     Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
|     Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
|     All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY**: | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS**: | **$15,184.27** | **$0.00** | **$0.00** |

**Disbursements:**

| | |
|---|---|
|     Expenses of Administration | $4,513.78 |
|     Disbursements to Creditors | $7,801.89 |
| **TOTAL DISBURSEMENTS** : | **$12,315.67** |

12)  The trustee certifies that the foregoing summary is true and complete and all administrative matters for which the trustee is responsible have been completed. The trustee requests that the trustee be discharged and granted such relief as may be just and proper.

Dated: 01/13/2016          By:/s/ Tom Vaughn

Trustee

**STATEMENT**:  This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (09/01/2009)**